(34 Misc. Rep. 72.)

## DIMON et al. v. SHEWAN et al., Dock Com'rs.

(Supreme Court, Special Term, New York County. February, 1901.)

1. NUISANCE—INJUNCTION BY PARTY SPECIALLY INJURED.

> A nuisance may be enjoined at the suit of any person suffering special damages.

2. SAME—MAINTENANCE OF FLOATING DRY DOCK—TEMPORARY RELIEF.

> Maintenance, against plaintiff's objection, of a floating dry dock in front of a bulkhead owned and used by him for unloading vessels on the East river front in New York City, is a violation of his rights which will be temporarily enjoined till the rights of the parties may be properly ascertained on the trial of the action for a permanent injunction, notwithstanding floating docks at the location in question may be urgently required by the growing commerce of the city.

Injunction by Charles L. Dimon and others, as trustees, etc., against James Shewan and others. Motion to continue a temporary injunction. Granted.

Howland & Murray (George Welwood Murray and Herbert S. Barnes, of counsel), for plaintiffs.

Alexander & Ash (Mark Ash, of counsel), for defendant Shewan.

John Whalen, Corp. Counsel (Charles Blandy and E. J. Freedman, of counsel), for defendants Cram and others.

BLANCHARD, J.  This is an application to continue pendente lite a temporary injunction restraining the commissioners of docks of the city of New York from leasing or permitting the installation or maintenance of a floating dry dock on the south side of the pier at the foot of East Fourth street, in the city of New York, and restraining the defendants Shewan from installing or maintaining such floating dry dock. The plaintiffs are the owners of the bulkhead on the East river front, between Third and Fourth streets, and of the land under it, with the right to take wharfage, cranage, and other emoluments from the bulkhead. They are also the owners in fee of the upland on the other side of Tompkins street, opposite the said bulkhead, running from Third to Fourth streets. It appears that the bulkhead is used for unloading barges, schooners, and other vessels carrying brick, coal, and other freight, and has been so used for more than 40 years. The defendants Shewan have applied to the commissioners of docks for a 10-years lease of the southerly side of the pier at the foot of East Fourth street, with the privilege of placing and keeping there a floating dry dock, and the said commissioners intend to grant such application unless restrained by injunction. The floating dry dock which it is proposed to install is a structure 237 feet in length and 81 feet in breadth. After a careful consideration of all the papers submitted on this motion, I am satisfied that the use of the plaintiffs' bulkhead would be seriously impaired by the installation and maintenance of the proposed floating dry dock, and I have concluded that it would be a nuisance. As such, it can be enjoined at the suit of any person who suffers special damage by reason thereof. Penniman v. Balance Co., 13 How. 'Prac. 40, 42; Hecker v. Balance-Dock Co., Id. 549; Railroad Co. v. Loeb, 7 Robertson, 418.

It is claimed by defendants that the Hecker Case, in 13 How. Prac., has been overruled by a case having the same title in 24 Barb. 215. In this I am of the opinion that defendants are in error. The case in Howard is the decision of Judge Roosevelt upon the rendition of judgment after a trial of the action at special term. I have examined the judgment roll in that action, and find that judgment was entered April 7, 1857. The decision of Judge Davies in Barbour, being a special term decision upon a motion to discharge a temporary injunction, and rendered April 24, 1857, subsequent to entry of judgment (page 226), can hardly be a reversal of the decision of Judge Roosevelt. It is not even an authority against the plaintiffs in this case, for a perusal of the facts as stated in the opinion at page 216 clearly distinguishes it from the present application, in that there the plaintiffs were not the owners of the piers or bulkheads, nor had they any interest therein, nor were they entitled to collect any wharfage thereon. These facts are all pointed out particularly by Judge Davies, indicating thereby that if the reverse of the facts stated were true his decision would have been otherwise. The learned justice says: "They [plaintiffs] are not interrupted in the enjoyment of any property belonging to them, but they complain that the occupation of the defendants prevents their using the property of others in such manner as they deem most fit, convenient, and appropriate. The defendants' use and occupation is with the consent of the true owners of the piers and bulkheads, and under lease from those who are entitled to collect and receive the wharfage and cranage from the premises thus occupied." That the decisions in the Penniman and Hecker Cases in Howard were recognized as the law is evidenced by the fact that the defendant in those cases thought it proper to appeal to the legislature for relief, and the enactment of chapter 295 of the Laws of 1858 resulted. This act made it lawful for the defendant in those actions, the New York Balance-Dock Company, to use floating docks, with the consent of the owners of the piers or bulkheads, subject to the regulations of the city authorities affecting the use of slips, piers, and wharves. This same privilege was extended by chapter 349 of the Laws of 1874 (section 2) to the New York Floating Dry Dock Company, and these special privileges were continued by the consolidation act (Laws 1882, c. 410, § 811) and by the Greater New York Charter (Laws 1897, c. 378, § 870). The effect of these enactments was to take away, so far as the docks of these two companies were concerned, the character of public nuisances; but, to avoid the effect of their still remaining private nuisances, the consent of the owners of the adjoining piers and bulkheads, whose rights would be particularly infringed upon, continued necessary. The defendants in this case, without any authority conferred upon them by the legislature, and against the objections of plaintiffs, desire to maintain this proposed structure in front of plaintiff's bulkhead. Entertaining the views here expressed, it follows that the course defendants propose to pursue would constitute a violation of the rights of the plaintiffs, which, in my opinion, ought to be restrained until the rights of the parties may be properly ascertained upon the trial of the action, which can be speedily had. That

floating docks at the location selected are urgently required to meet the large and growing commerce of the city, as urged by defendants, is not a sufficient consideration for the court, upon this application, to deprive plaintiffs of their just rights. As stated by Judge Roose-velt in the Hecker Case, before referred to:

"Other locations, perhaps, may, in some respect, be less convenient. That is a consideration, however, to be brought, not to the courts, but to the legislature,—the body which alone represents, and which, to attain a greater good, can alone, within certain limits, regulate and even waive the common rights."

The claims of the defendants to usurp the rights of the plaintiffs in the manner it is here sought to do cannot receive the sanction of the court. Where two or more persons have common rights in a water way, as in this case, no one of them should have the exclusive use of any portion of such water way. This is precisely what is attempted here by the defendants.

Under the circumstances, it does not become necessary to consider the other points raised by plaintiffs. The motion to continue the injunction pendente lite is granted, with $10 costs to plaintiffs to abide the event. Defendants may move to dissolve the injunction should plaintiffs unreasonably delay the trial of the action.

Motion granted, with $10 costs to plaintiffs to abide event.